■ BRENDA I. DAVIS, Appellant, v 383 WARBURTON AVENUE ASSOCIATES et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Ruskin, J.), entered March 8, 1990, which, upon a jury verdict in favor of the defendants on the issue of liability, dismissed the complaint.

Ordered that the judgment is affirmed, with costs to respondent 383 Warburton Avenue Associates.

On December 7, 1984, the plaintiff Brenda Davis was injured while descending a fire escape in a building owned by the defendant 383 Warburton Avenue Associates. The plaintiff thereafter commenced this action, alleging that her injuries were caused by the negligent and careless manner in which the defendants maintained the building. After extensive testimony bearing upon whether the defendants' building was in compliance with the Multiple Residence Law, the jury unanimously found in favor of the defendants.

On appeal, the plaintiff contends that the verdict was

against the weight of the evidence. We disagree. " 'A verdict in favor of a defendant should not be set aside as against the weight of the credible evidence unless the preponderance in favor of the plaintiff was so great that the finding in favor of the defendant could not have been reached upon any fair interpretation of the evidence' " *(Kwasny v Feinberg,* 157 AD2d 396, 402, quoting *Olsen v Chase Manhattan Bank,* 10 AD2d 539, 544, *affd* 9 NY2d 829; *Nicastro v Park,* 113 AD2d 129). In view of the conflicting evidence presented to the jury concerning whether the defendants met the requirements of the Multiple Residence Law, it cannot be said that the verdict in the defendants' favor could not have been reached by a fair interpretation of the evidence *(see, Kwasny v Feinberg, supra; Nicastro v Park, supra).*

We have considered the plaintiff's remaining contentions and find them to be without merit. Harwood, J. P., Balletta, O'Brien and Ritter, JJ., concur.